UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No._____

MARIE BRUNO,

       Plaintiff,

v.

DIOCESE OF PALM BEACH, INC.,
a Florida Not For Profit Corporation, d/b/a
ST. JUDE CATHOLIC SCHOOL, and
GERALD MREV BARBARITO, individually.,

       Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Diocese of Palm Beach, Inc. and the Most Rev. Gerald M. Barbarito ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby file this Notice of Removal of the above-captioned matter from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. As grounds therefore, Defendants show the Court as follows:

    **1.**     **State Court Action**

Plaintiff initiated an action that is currently pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida styled *Marie Bruno v. Diocese of Palm Beach, Inc., d/b/a St. Jude Catholic School and Gerald MRev. Barbarito* and designated Case No. 50-2016-CA-013337. Plaintiff filed that action on November 30, 2016. *See* Tab A, State Court File, Complaint.

## 2. Defendants' Receipt of Plaintiff's Complaint

Copies of Summons and Plaintiff's Complaint in this action were served on Defendant Diocese of Palm Beach, Inc. on December 12, 2016. Copies of Summons and Plaintiff's Complaint in this action were served on counsel for Defendant the Most Rev. Gerald M. Barbarito, by agreement of the parties, on December 20, 2016. Defendants did not have prior notice of the action.

## 3. Nature of the Action in Plaintiff's Complaint

Plaintiff's claims arise out of the same alleged nucleus of operative facts, namely Plaintiff's alleged employment with Defendants. *See* Tab A, Complaint ¶¶5, 8-10. The Complaint seeks alleged overtime compensation, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *Id.* at ¶¶1, 46, 55 and 59. The action involves claims by Plaintiff under federal wage and hour laws, federal and state anti-discrimination and retaliation laws, and common law state claims. Specifically, Plaintiff claims that Defendants failed to comply with the 29 U.S.C. §§201-219, the Fair Labor Standards Act, and that Defendant Diocese of Palm Beach retaliated against Plaintiff in violation of 29 U.S.C. 201, *et seq* and in violation of the Florida Civil Rights Act, Florida Statutes 760.10 and that Plaintiff is entitled to relief under theories of quantum merit and breach of contract for allegedly failing to properly pay Plaintiff.

## 4. Removal of State Court Action

(a)     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

(b)      Specifically, this action is removable under 28 U.S.C § 1441(a) because the district court would have original jurisdiction under 29 U.S.C. § 1331 (federal question). Further, because the conduct alleged relates to Plaintiff's alleged employment with Defendants in Palm Beach County, Florida, and all conduct is alleged to have occurred within Palm Beach County, Defendants file this notice in the West Palm Beach Division of the Court. *Id.* at ¶3-7.

### 5.      Federal Question

Pursuant to 29 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." Furthermore, under 28 U.S.C. § 1331, "[t]he district court shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [earlier in the Act] may be maintained against any employer in any Federal or State court of competent jurisdiction . . . ." The Supreme Court, in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), held that the concurrent jurisdiction provided by the FLSA did not bar a Florida employer's decision to remove an action brought under the FLSA to a federal district court. Accordingly, this civil action purports to arrive under federal law, since the Plaintiff alleges violations of the Fair Labor Standards Act. The Court should take pendant jurisdiction of the Plaintiff's state law claims since they arise from the same nucleus of operative facts as the Plaintiff's federal claims.

### 6.      Venue

The Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which

this case should be removed.  *See* 28 U.S.C. §§ 89(c), 1441(a) and 1446(a).  Moreover, the West Palm Beach Division is the proper division within the Southern District of Florida to which the case should be removed, since Plaintiff alleges that she was employed by Defendants within Palm Beach County at all relevant times and alleges that she is a resident of Palm Beach County. *See* 28 U.S.C. §§ 1441(a), 1441(e) and 1446(a); Complaint ¶ 3-5.

**7.** **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is being filed within thirty (30) days of service of the Summons and Complaint on Defendants.

**8.** **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice the Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Tab A.

**9.** **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendants are providing written notice to the Plaintiff, by and through her counsel, and will timely file a copy of this Notice of Removal with the Clerk of the Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. A copy of the Notice of Filing the Notice of Removal is attached hereto at Tab B.

Dated: January 3, 2017

Respectfully submitted,

J. PATRICK FITZGERALD
& ASSOCIATES, P.A.
Counsel for Defendant
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Telephone: (305) 443-9162
Telefax: (305) 443-6613
E-mail: mfj@jpfitzlaw.com

By: /s/ Maura F. Jennings
Maura F. Jennings, Esq.
Florida Bar No.: 0836591
mfj@jpfitzlaw.com
Roberto J. Diaz, Esq.
Florida Bar No.: 0084890
rjd@jpfitzlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

/s/ Maura F. Jennings
Maura F. Jennings, Esq.

## SERVICE LIST

*CASE NO:* _____
*United States District Court, Southern District of Florida*

Peter M. Hoogerwoerd
pmh@rgpattorneys.com
Waynice Green
wgreen@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Counsel for Plaintiff,*
*Marie Bruno*

Maura F. Jennings
mfj@jpfitzlaw.com
Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Telephone: (305) 443-9162
Facsimile: (305) 443-6613

*Counsel for Defendants*